PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her vehicle striking a hole while she was traveling south on W. Va. Route 114, Kanawha County. W. Va. Route 114 is a road maintained by respondent in Kanawha County. The Court is of the opinion to award the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 27, 2003, around 8:00 p.m. Claimant was traveling on W. Va. Route 114 in her 2002 Lexus 1S300. W. Va. Route 114 is a two lane highway. Claimant testified that she was driving around forty miles per hour. On the dark and wet night in question, Ms. Pierson was driving along W. Va. Route 114 when her vehicle struck a large hole in the road that she had not seen. Claimant’s vehicle sustained damage to the front passenger side wheel. The damage sustained totaled $532.46. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 114 at the site of the claimant’s accident for the date in question.
*162 David Fisher, Highway Administrator 2 for the respondent in Kanawha County, testified that he had no knowledge of any potholes on W. Va. Route 114 near the site of the incident in question here. Mr. Fisher stated that on the date of this incident there were no records of any phone calls regarding holes along this stretch of road nor any records of maintenance crews repairing holes on this stretch of W. Va. Route 114. However, Mr. Fisher stated that this was an section of road was an area where water accumulates. In such an area, the integrity of the asphalt could be affected and during periods of freezing and thawing the roadway could be more apt to being damaged. Mr. Fisher also stated that based on evidence presented by claimant, it looked as though the hole had previously been patched with cold mix, which has a tendency to break up in wet conditions.
The well-established principle of law' in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). The Court is of the opinion that the respondent did have actual or constructive notice of any road hazard on W. Va. Route 114. Respondent had ample opportunity to make repairs. Thus, the claimant is entitled to an award for her losses.
In the instant claim, the evidence established that the respondent did have at least constructive notice of the hole on W. Va. Route 114 prior to the incident in question, based upon the evidence of an earlier patch that had been attempted and the knowledge that this was an area prone to accumulating water. Therefore, the Court is of the opinion that respondent was negligent in its maintenance of this road as of the date of claimant’s accident.
Accordingly, the Court makes an award to the claimant for the damages to her vehicle in the sum of $500.00, which is her insurance deductible.
Award of $500.00.